AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| TAVORIS WALLS, JR., | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

FILED BY____R.P.B.____D.C.

**May 29, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

Case No.   25-MJ-6352-PMH

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___3/26/25 through 4/11/25___ in the county of ___Broward___ in the ___Southern___ District of ___Florida___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(o) | Possession of a machine gun |
| 26 U.S.C. § 5861(d) | Possession of an unregistered firearm |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jonathan Goff, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   5/29/2025

_____
*Judge's signature*

City and state:   Fort Lauderdale, Florida

PATRICK M. HUNT, U.S. MAGISTRATE JUDGE
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jonathan Goff, being duly sworn, state that:

### INTRODUCTION AND BACKGROUND

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since May 2020. I am currently a member of the South Florida High Intensity Drug Trafficking Area (HIDTA) Task Force, where I investigate violations of federal offenses involving firearms and narcotics. I received training on the proper investigative techniques for these violations, including the use of surveillance techniques, undercover activities, and the application and execution of arrest and search warrants. I began my law enforcement career in 2017 as a state trooper with the Texas Department of Public Safety and was hired by the ATF in May 2020. During my law enforcement career, I have investigated violent crimes, narcotics trafficking, and firearms offenses.

2.      I am a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations, execute and serve search warrants, and make arrests for offenses enumerated in Title 18 of the United States Code, as well as other offenses against the United States.

3.      This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging Tavoris Walls, Jr., with violations of Title 18, United States Code, Section 922(o) (possession of a machine gun), and Title 26, United States Code, Section 5861(d) (possession of an unregistered firearm).

4.      The statements contained in this affidavit are based on my personal knowledge, as well as information relayed to me by other law enforcement officials involved in this investigation. I have not included in this affidavit every fact known to me. Rather, I have included only the facts

1

that are sufficient to establish probable cause for the issuance of a criminal complaint against WALLS for the above-described criminal violations.

## PROBABLE CAUSE

5.       During the month of February 2025, ATF special agents were advised by the Broward County Sheriff's Office that an unknown individual was selling firearms and machinegun conversion devices also known as "Glock switches." It was advised that the unknown supplier set up the sales through the Apple account "truvv954@icloud.com."

6.       On March 25, 2025, an ATF undercover agent (UC) contacted the unknown supplier (later identified as WALLS) via iMessage at the address truvv954@icloud.com. WALLS agreed to meet the UC the following day for the sale of four Glock switches.

7.       On March 26, 2025, WALLS sold the UC four polymer Glock switches for $375 at a location in Broward County. During the deal, WALLS told the UC "[I]t's nothing" to obtain more switches and to contact him in advance before he ran out of them. Based upon my training and experience, it appears that these are "homemade" Glock switches made on a 3D printer.



*Photo of Glock Switches purchased from WALLS on 3/26/2025*

2

8.      After the sale, ATF special agents conducted research on the registered owner of the 2011 Toyota Camry that WALLS used to get to the sale. According to Florida's Driver and Vehicle Information Database (DAVID), the registered owner of the vehicle was identified at Y.T.

9.      DAVID records also revealed a motor vehicle title with Y.T.s name and WALLS's name, both sharing the same home address. A DAVID inquiry was then conducted using WALLS's name to obtain his Florida driver's license picture. Once the picture was obtained, an ATF special agent was able to confirm that WALLS was the individual who sold the Glock switches on March 26, 2025.

10.     On April 5, 2025, WALLS contacted the UC via iMessage from the email address "truvv954@icloud.com" to advertise a firearm for $600. Several days later, the UC responded to WALLS stating that the UC wanted to purchase the firearm. WALLS responded, stating he had a new number which he then gave to the UC. The UC continued communication with WALLS via text message at the new number, (728) 206-2751.

11.     WALLS agreed to meet with the UC on April 11, 2025, to sell the UC two firearms and four additional Glock switches. When WALLS met the UC in Lauderhill, WALLS had one firearm and four Glock switches, which he sold to the UC for $980. The firearm was a privately made firearm that resembled a Glock pistol, with no markings or serial number, and the switches were made of white polymer material.

3



*Photo of WALLS from firearm deal on 4/11/2025*

12.     The Glock switches were evaluated by firearms expert ATF Task Force Officer Detective Robert Thompson, whose evaluation included a test-fire and affirmed that the machinegun conversion devices are machineguns as defined by Title 26, United States Code, Section 5845(b).

13.     A records check revealed that WALLS has no registered firearms with the National Firearms Registration and Transfer Record (NFTR). Under Title 26, United States Code, Section 5861(d), it is unlawful for any person to receive or possess a firearm which is not registered to them in the National Firearms Registration and Transfer Record, and for the purpose of that chapter, machineguns are included in the definition of the term "firearm" under Section 5845(a).

[This section left intentionally blank.]

4

## CONCLUSION

Based on the above facts, I submit that there is probable cause to support a criminal complaint charging TAVORIS WALLS, JR. with possession of a machinegun in violation of Title 18, United States Code, Section 922(o) and possession of an unregistered firearm in violation of Title 26, United States Code, Section 5861(d).

FURTHER AFFIANT SAYETH NAUGHT.

JONATHAN GOFF
SPECIAL AGENT, ATF

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by FaceTime this 29th day of May 2025.

HONORABLE PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

5